### JACKSON FIELDS v. THE STATE.

#### No. 297. Decided January 12, 1910.

**1.—Theft of Hog—Charge of Court—Mistake of Fact.**

Where, upon trial for theft of a hog, the evidence raised the issue of mistake of fact, and the court instructed the jury that if, in taking the alleged hog, the defendant acted under a mistaken claim of right in good faith, believing the hog to be his own property, or in case of a reasonable doubt thereof to acquit, the same was sufficient, and there was no error.

**2.—Same—Accomplice—Charge of Court.**

Where, upon trial of theft of a hog, the issue of accomplice was not raised by the evidence, there was no error in the court's failure to charge thereon.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of a hog, the evidence supported the conviction, the same will not be disturbed.

Appeal from the District Court of Shelby. Tried below before the Hon. James I. Perkins.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. M. Short & Sons,* for appellant.—On question of charge of court: Johnson v. State, 49 Texas Crim. Rep., 106; Wheeler v. State, 34 Texas Crim. Rep., 350; Lee v. State, 55 Texas Crim. Rep., 379, 116 S. W. Rep., 1153.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the District Court of Shelby County, on the 24th day of February, 1909, of the theft of a hog and his punishment assessed at confinement in the penitentiary for a term of two years. The hog in question was alleged to belong to one Henry Davis. The evidence showed that about the 27th day of November, 1907, appellant and one Eddie McCoy shot and killed a black and white spotted hog, the property of the wit-

ness Davis. On examination of the hog, after it was shot by one of the persons, it seems to have been conceded that it was the property of Davis. He testifies that on the day in question he saw appellant and one Eddie McCoy come out of the field like they were driving something, and he stopped to see what they were going to do; that they went out in the bed of the creek where a gun was fired; that at this time he was forty or fifty yards from them and that when he came in view of them they picked up the hog and threw it in the creek; that he went towards where they were and they were running trying to get across the creek, and went down the bottom as fast as they could, looking back at him, and after they got out of shooting distance of him he started to go to where they threw the hog when they came back towards him and said they had shot a hog and didn't know where it went to and he stated that probably it fell in the creek; that they said, "Let's go and see," and immediately they went to the edge of the creek and Eddie said: "There it is," and witness said, "Yes, and it is mine." They said, "Now, what will you charge not to tell on us?" That witness replied, "Not a thing will I charge you not to tell it," and that they then said, "We will give you a hog if you will not tell this on us," and that he, witness, stated that that would not satisfy the court at all, and stated that if called on before the grand jury in the spring he would tell it on them; that he was not going to hide anything; that after this Harrison Bryant, Winslow Thompson and Elmo Thompson came, and that he said to them, "These boys have driven my hog out of the field and killed it and thrown it in the creek;" that he, the witness, said, "One of you go at a time and look in the creek and see if it is my hog;" that one of them went up and looked at it and called back, "It is your hog," and this was repeated by all these persons. He also states positively that in the course of the conversation at the time they killed the hog they knew it belonged to him, Davis. Appellant undertook to show by testimony of many witnesses, as well as by his own testimony, that he had some hogs running in that neighborhood, and, among others, a hog of a somewhat similar description of the one killed, belonging to Davis, and urged that the hog was shot under the mistaken belief that it belonged to him. After defining theft and what is meant by the word "taking" and also defining the term "principal" the court thus instructed the jury: "Now, if you believe from the evidence beyond a reasonable doubt that the defendant, Jackson Fields, acting as a principal with Eddie McCoy, did, in Shelby County, Texas, on or about the time charged in the indictment, fraudulently take one hog belonging to Henry Davis, from his possession, without his consent, with the intent to deprive the owner of the value of such hog and to appropriate it to the use or benefit of himself, the defendant, or of himself and Eddie McCoy, you will find the de-

fendant guilty as charged in the indictment and assess his punishment at confinement in the penitentiary not less than two nor more than four years. If you believe defendant took or participated as a principal in the taking of Henry Davis' hog, but believe he so acted under a mistaken claim of right, in good faith believing the hog to be his own property, or if you have a reasonable doubt as to whether or not he acted under such mistake, you will acquit the defendant."

It is urged that the submission of the issue of mistake of fact was not sufficiently clear and explicit. We can not accede to this contention. The jury are positively instructed that if in taking the hog in question he acted under a mistaken claim of right in good faith, believing the hog to be his own property, or if they had a reasonable doubt as to whether or not he acted under such mistake, he would be entitled to an acquittal. It is not seen how this could have been rendered clearer by the use of any language which the court could have reasonably employed.

2. It is further urged that the court should have instructed the jury that the witness Henry Davis was an accomplice. The issue of accomplice was not raised by the evidence and it would not have been proper for the court to have so instructed the jury.

3. Finally, it is urged that the verdict is unsupported by the evidence. We can not accede to this contention. If the testimony of the witness Davis is to be believed the case was clearly and conclusively established against both parties.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*